UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| STEVEN MARTIN DELANEY, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 17-33-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| THOMAS SMITH, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Steven Martin Delaney is confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Delaney has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] and a financial statement from his inmate account [D. E. No. 2]

Delaney has not paid the $5.00 filing fee required by 28 U.S.C. § 1914 or filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. In addition, Delaney's account statement [D. E. No. 2] indicates that he possesses more than sufficient assets and income to pay the modest five dollar filing fee. Because the filing fee is incurred when the petition is filed, the Court will direct the Bureau of Prisons ("BOP") to deduct the five dollars from funds in Delaney's inmate account in satisfaction of that financial obligation.

1

In February 2013, Delaney signed a written agreement to plead guilty to a single count of distributing child pornography in violation of 18 U.S.C. § 2252(a)(2). Consistent with the terms of the agreement, in October 2013 the United States District Court for the Southern District of Indiana sentenced Delaney to 188 months imprisonment. *United States v. Delaney*, No. 1: 13-CR-19-LJM-MJD (S.D. Ind. 2013) [D. E. No. 31, 55 therein].

Notwithstanding his express waiver in the plea agreement of his right to appeal or collaterally attack his conviction or sentence, in May 2016 Delaney filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 in the trial court. That motion remains pending, and the government's response is due by May 9, 2017. *Delaney v. United States*, No. 1: 16-CV-1206-LJM-TAB (S.D. Ind. 2016).

In his present petition Delaney argues that (1) he was never advised of his rights as required by *Miranda v. Arizona*, 384 U.S. 476 (1966); (2) he was never indicted nor did he sign a waiver of his right to be indicted by a grand jury; and (3) his right to a speedy trial was violated. [D. E. No. 1 at 3-5]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241

petitions pursuant to Rule 1(b)). The Court evaluates Delaney's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Delaney's petition must be denied on several procedural grounds.

The correct mechanism for a federal prisoner to challenge his or her conviction or sentence is through a motion to vacate filed pursuant to 28 U.S.C. § 2255(a). *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A habeas corpus petition under 28 U.S.C. § 2241 may only be used to challenge a federal conviction where the remedy provided by § 2255(a) is structurally inadequate or unavailable to obtain relief. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). Here, Delaney is currently challenging his conviction by motion under Section 2255, and that remedy therefore cannot be deemed structurally inadequate. His habeas petition is therefore premature. *Besser v. Sepanek*, 478 F. App'x 1001 (6th Cir. 2012); *Smith v. United States*, 89 F.3d 835 (6th Cir. 1996); *Hunter v. Holland*, No. 6: 15-CV-117-KKC, 2015 WL 4397154, at *1 (E.D. Ky. July 16, 2015) ("Hunter cannot contemporaneously seek relief from his conviction and sentence by way of a § 2241 petition in this Court while his § 2255 motion is pending ...").

Even if this were not so, Delaney is barred from collaterally attacking his conviction or sentence because he waived the right to do so in his plea agreement. Such waivers are enforceable in habeas proceedings under § 2241, and preclude the assertion of the arguments Delaney pursues here. *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Mabry v. Shartel*, No. 122637, 2015 WL 7273817, at *1 (3d Cir. Nov. 18, 2015); *Combs v. Hickey*, No. 11-12-JMH, 2011 WL 65598 (E.D. Ky. Jan. 7, 2011); *Peete v. United States*, No. 11-cv-2242, 2013 WL 3199834, at *1-2 (C.D. Ill. June 24, 2013); *Gonzalez v. Warden of MCC New York*, No. 12-Civ. 6910, 2013 WL 144956 (S.D.N.Y. Jan. 14, 2013).

Nor is the remedy available under § 2255 considered "inadequate or ineffective" where, as here, the petitioner waived his right to seek relief under that provision as part of a plea agreement. *Muse v. Daniels*, 2016 WL 1163836, at *1 (7th Cir. Feb. 24, 2016) (holding that a collateral attack waiver "would apply equally in a proceeding under § 2241, had not § 2255(e) taken precedence, for § 2241 is a form of collateral attack."); *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013) ("Muller's plea agreement included a waiver of collateral-attack rights 'in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255.' Therefore, his plea agreement forecloses relief pursuant to § 2241 ..."); *Johnson v. Warden*, 551 F. App'x 489, 491 (11th Cir. 2013); *Rivera v. Warden, FCI,*

*Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) ("The conventional understanding of 'collateral attack' comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis.")

Finally, Delaney argues that his constitutional rights were violated in several respects, but these are not claims of "actual innocence" which may be pursued in a Section 2241 petition. A petitioner can only demonstrate actual innocence of an offense by showing that after the his conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). Delaney's constitutional claims do not fall within the narrow scope of the savings clause, and they must be asserted – if at all – by motion under Section 2255.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall send a copy of this Order to the warden of the institution in which Delaney is currently confined.

2. Delaney's custodian shall send the Clerk of the Court payment of the $5.00 filing fee from funds in Delaney's inmate trust fund account once the amount in the account exceeds $10.00.

3. Delaney's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

4. The Court will enter an appropriate judgment.

5. This matter is **STRICKEN** from the active docket.

This 18th day of March, 2017.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge